Dear Mr. Ciaccio:
Pursuant to Resolutions 98-1 and 98-2 of the Board of Commissioners (the "Board"), for the Lakeview Crime Prevention District (the "District"), you have requested an opinion from our office concerning the following issues:
 (1) Whether the Board members are immune from individual liability for any act or omission resulting in damage or injury while acting as a member of the Board;
 (2) Whether the Attorney General has a duty to defend the District and/or its Board in any claims brought against it/them;
 (3) Whether the Attorney General has a duty to defend the Board members individually against any claims brought against them arising out of their acts or omissions as members of the Board.
In answer to your first question, the District is liable for the actions of a Board member conducted within the course and scope of his or her duties. However, federal jurisprudence does provide immunity to an officer who, in good faith, believes that his actions are within the scope of his duties. This notwithstanding, a Board member will be individually liable for those actions which occur outside the scope of his employment or were the result of an intentional wrongful act or gross negligence by that member. 42 U.S.C. § 1983.
Note also that a pertinent limitation on the liability of the State of Louisiana is provided by LSA-R.S. 42:1441, which states:
 A. The state of Louisiana shall not be liable for any damage caused by a district attorney, coroner, assessor, sheriff, clerk of court, or public officer of a political subdivision within the course and scope of his official duties, or damage caused by an employee of a district attorney, coroner, assessor, sheriff, clerk of court, or public officer of a political subdivision.
 B. The provisions of Subsection A hereof are not intended to and shall not be construed to affect any personal liability which may arise from damage caused by any public officer of a political subdivision, or by a district attorney, coroner, assessor, sheriff, clerk of court, or the employee of any such public officer, nor shall the provisions of said Subsection A be construed to amend or repeal R.S. 13:5108.1.
 C. For the purposes of this Section, "political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions.
In fact, public officers are mandated under LSA-R.S.42:1441.3 to acquire general liability insurance on themselves and their officers, agents, and employees. This generally ensures coverage for official actions done within the course and scope of one's public position.
Your second and third questions concern whether the Attorney General is mandated to provide legal representation to the District and/or its Board members. The Attorney General is statutorily obligated to provide legal representation to certain state agencies, including state boards and commissions. LSA-R.S.49:257, 42:261.
LSA-R.S. 33:2740.35 establishes the Lakeview Crime Prevention District and designates it as a political subdivision of the state.
For purposes of legal representation, "state agency" is defined as, "any department, board commission, agency, office, special district, authority, or other entity of the state, but does not include the Public Service Commission or the State Bond Commission or any political subdivision of the state, as defined by Article VI of the Constitution of Louisiana, or any entity of such political subdivision". LSA-R.S. 49:258.
Moreover, LSA-R.S. 13:5108.2, which provides for the indemnification of officials, officers, and employees of the state and representation by the attorney general, clearly excludes an official, officer, or employer of a political subdivision from its application.
Therefore, the Attorney General does not have a duty to provide legal representation to the District. This conclusion extends to the District's Board members.
I trust this sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI:CMF:glb